Dear Ms. Griffin:
Pursuant to your opinion request of December 7, 1981, the following issue is addressed:
 Does the public have a right of access to unnamed canals or streams located in LaFourche Parish?
Apparently, this opinion request has been necessitated by a private request of issuance of a Department of the Army permit to allow construction of timber barricades across several unnamed waterbodies in LaFourche Parish. The purpose of these barricades is to preclude public access via the canals and streams, to private properties adjoining the same. It is also indicated that these barricades will not interfere with water flow or marine life.
Firstly, consideration will be given to the issue of the right of public access to rivers and streams, and the following is applicable:
 Art. 450, . Louisiana Civil Code
 Art. 450. Public things
 Public things are owned by the State or its political subdivisions in their capacity as public persons.
 Public things that belong to the state are such as running waters, the waters and bottoms of natural navigable water bodies, the territorial sea, and the seashore.
 Public things that may belong to political subdivisions of the state are such as streets and public squares.
Please note comment (f) under Article 450 which states in part:
 "The expression `natural navigable water bodies' refers to inland waters the bottoms of which belong to the state either by virtue of its inherent sovereignty or by virtue of other modes of acquisition, including expropriation. Artificial waterways located on private property for private purposes may, of course, be private things, for the same reasons that a road built on private property for private purposes may be a private thing."
 Article 452 — Louisiana Civil Code
 Art. 452. Public things and common things subject to public use
 Public things and common things are subject to public use in accordance with applicable laws and regulations. Everyone has the right to fish in the rivers, ports, roadsteads, and harbors, and the right to land on the seashore, to fish, to shelter himself, to moor ships, to dry nets, and the like, provided that he does not cause injury to the property of adjoining owners.
 Article 458 — Louisiana Civil Code
 Art. 458. Works obstructing the public use
 Works built without lawful permit on public things including the sea, the seashore, and the bottom of natural navigable waters, or on the banks of navigable rivers, that obstruct the public use may be removed at the expense of the persons who built or own them at the instance of the public authorities, or of any person residing in the state.
 The owner of the works may not prevent their removal by alleging prescription or possession.
In light of the foregoing articles, it is apparent that the " . . . waters and bottoms of natural navigable waterbodies bodies, are public things which are subject to public use including the, . . . right to fish in the rivers, ports, roadsheads, and harbors . . ." Such rights are considered so basic that, . . . works built . . . on . . . the bottom of natural navigable waters . . . that obstruct the public use may be removed at the expense of the persons who built or own them . . ."
In The Ramsey River Road Property Owners Association, Inc. vs. Reeves,396 So.2d 873, (La. 1981), the Court held that since the Bogue Falaya River was used for trade and commerce in 1812, it is to be considered to have been a navigable body of water although it may no longer serve that purpose. The Court found that the evidence at trial showed the Bogue Falaya River, at the site of a proposed bridge, was navigable at that period of time and after, and that it is now within the domain of the State of Louisiana. Therefore, the river is a public waterway and could not be privately bridged.
The right of public use of natural navigable waters can also be found in Act 709 of the 1811 Congress of the United States authorizing the Territory of Orleans to be admitted into the Union, which provides in Section 3 (b) as follows:
 ". . . and that the River Mississippi and the navigable rivers and waters leading into the same or into the Gulf of Mexico, shall be common highways and forever free, as well to the inhabitants of said State as to other citizens of the United States, without any tax, duty, impost or toll therefore imposed by the said State."
It is apparent that the State of Louisiana considered the use of navigable waterbodies to be so crucial as to declare them to be public things and thus subject to the use of all persons. Any obstructions thereto could not and would not be tolerated.
However, non-navigable waterbodies have been viewed in an entirely different light. Article 506, Louisiana Civil Code provides as follows:
 Art. 506. Ownership of beds of nonnavigable rivers and streams
 In the absence of title or prescription, the beds of nonnavigable rivers or streams belong to the riparian owners along a line drawn in the middle of the bed.
Thus, the beds of nonnavigable waterbodies are not public but are private things. However, consideration must be given to Article 455, Louisiana Civil Code which provides as follows:
 Art. 455. Private things subject to public use
 Private things may be subject to public use in accordance with law or by dedication.
The question becomes whether or not the public has a right to use nonnavigable rivers and streams even though the beds of the same are private things. Said question was first answered in 1858 in the case ofBoykin v. Shaffer, 13 La. Ann. 129 that Act 709 of the 1811 Congress, stated, supra, did not apply to nonnavigable waterbodies, and therefore the public has no right to use nonnavigable rivers or streams. In addition, the case of Burns v. Crecent Gun Rod Club, 116 La. 249, 1906, the La. Supreme Court found that the public had no right to fish in certain nonnavigable bayous and went on to hold that:
 "We will, in a few words, eliminate Irish Lagoon from consideration. It is filled with sea grass nearly all the year, by which it is choked and through the passage is possible in pirogues, and small boats only with some exertion. It has no channel, and its waters are not the same as those of the lake; for in it are found the fresh water fish to which we have before referred. The prairies and bayous above pour their fresh waters into this pond or lake. It cannot be considered in the light of a navigable stream. No schooner or water crafts of any importance ever found its way through this lagoon. It is not navigable, nor can it be considered a part of Lake Pontchartrain or any part of its shores. It is a container of fresh water and, while it may be affected by the ebb and flow from the lake, it is not a salt-water pond or lake.
 Second Branch Bayou and Little Irish Bayou, the other water courses named, are by-streams, mere rivulets of no importance whatever as relates to navigation."
Another very important case relating to riparian owners' right to exclude the public from using a nonnavigable stream was State ofLouisiana vs. Two O'Clock Bayou Land Company, Inc., 365 So.2d 1174, 1978
case. The Third Circuit Court of Appeal found that the bayou was in fact navigable and ordered the defendants to remove a cable that had been placed across the bayou. However, the Court did recognize that the issue was whether or not Two O'Clock Bayou was navigable. Navigability would entitle the parish and the state to enjoin obstruction of the bayou by privately owned barriers. It must be noted that, had the Court ascertained the bayou to be nonnavigable, the obstruction would have been allowed.
Thus, in light of the foregoing articles and jurisprudence, it is apparent that the public has a right to use only navigable waterbodies; no such right exists in relation to nonnavigable waterbodies. Nonnavigable rivers or streams are privately owned and the owners may preclude public passage thereon.
The next issue which must be considered is that of canals. Natural canals are considered in the same light as rivers and/or streams. If the natural canal is navigable, the public would have a right to use the same, however, it the natural canal is nonnavigable, the public would have no right of access. Man-made canals, however, have been given special consideration by the courts. I am enclosing the copy of a previous opinion done by myself in regards to the issue of man-made canals, and the public's right to use the same.
Finally, it is necessary to discuss the specific waterbodies in question. Suffice it to say that this office cannot declare these waterbodies to be either navigable or nonnavigable. Such a decision rests with the courts. However, there are certain facts which may be presented that can help in ascertaining whether or not these canals or streams should be presumed to be navigable or nonnavigable. The term "navigable" has two distinct meanings in Louisiana. Those two meanings may be divided as follows:
 1. Navigable in 1812 — this in essence means that a body of water was navigable in fact upon the admission of the State into the Union, and for that reason, the bed thereof belongs to the State by virtue of her inherent sovereignty. (State v. Bozeman, 1924, 101 So. 4).
 2. Navigable in fact — this related to the navigability of a particular water body at the present time, in the following test have been consistently used by the Louisiana Courts, i.e. whether or not the evidence shows a body of water to be suitable by its dept, width, and location for commerce, even though commercial traffic does not use that particular body of water.
This is in accordance with the prescribed test of navigability as used by the United States Supreme Court, i.e. susceptible of commerce. Accordingly, in order to ascertain whether or not a particular body of water is navigable, the two-fold test must be used i.e. first (1) whether or not that particular body of water was navigable in 1812, and if not, secondly, (2) whether or not the particular body of water is navigable in fact at this time. In summary, no State or Federal agency can ascertain whether or not a particular body of water is either legally navigable or nonnavigable. However, it is necessary in many instances that a determination be made for purposes other than the ownership of the particular body of water. Therefore, it is recommended that the test as followed by the Courts of Louisiana as well as the United States Supreme Court be used when making any type of determination. Simply put, if the particular body of water is capable of being used in commerce, it should be considered to be a navigable body of water.
Very truly yours,
 WILLIAM J. GUSTE, JR. Attorney General
 By: ___________________________ H. GLEN KENT, JR. Assistant Attorney General
WJG, Jr./HGK, Jr./ck
Enc.
 If Bayou is not navigable and was not navigable in 1812, then, the bed and banks belong to riparian owners. If the bayou was navigable in 1812 the bed belongs to State. Public can be excluded from banks by riparian owners, and by State from other parts of stream if navigable now or in 1812.
June 11, 1938.
Hon. Newt V. Mills, Member of Congress, House Office Building, Washington, D.C.